**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000493**
**28-JUN-2017**
**08:23 AM**

NO. CAAP-16-0000493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MELVIN DE FREITAS JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 15-1-0012; CR. NO. 95-1996)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Petitioner-Appellant Melvin Freitas, Jr., aka Melvin De Freitas, Jr. and Elliot Freitas (Freitas) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing," filed on May 27, 2016 in the Circuit Court of the First Circuit (circuit court).[1]

On August 18, 1997, Freitas was convicted of three counts of Kidnapping, and one count each of Robbery in the Second Degree, Assault in the Second Degree, Terroristic Threatening in the First Degree, and Assault in the Third Degree. Both of the State's Motion for Sentencing as a Repeat Offender and Motion for Extended Term of Imprisonment were granted and Freitas was sentenced to Life Imprisonment with a mandatory minimum of 13 years and four months for each count of Kidnapping, 20 years

---

[1] The Honorable Richard K. Perkins presided.

imprisonment with a mandatory minimum of six years and eight months for Robbery in the Second Degree, ten years imprisonment with a mandatory minimum of three years and four months for Assault in the Second Degree, ten years imprisonment with a mandatory minimum of three years and four months for Terroristic Threatening in the First Degree, and one year imprisonment for Assault in the Third Degree, all sentences to run concurrently with each other and any other sentence Freitas was currently serving.

On October 23, 1998, in appeal No. 20954, this court vacated Freitas' conviction for Assault in the Second Degree but affirmed all other convictions and ordered the Circuit Court to resentence Freitas accordingly. Freitas did not file a writ of certiorari to the supreme court from this court's opinion in No. 20954.

On June 14, 2000, an Amended Judgment was entered against Freitas for three counts of Kidnapping, and one count each of Robbery in the Second Degree, Terroristic Threatening in the First Degree, and Assault in the Third Degree. Freitas did not appeal his resentencing.

On April 11, 2002, Freitas filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (First Petition), which was docketed as S.P.P. No. 02-1-0028. Freitas claimed that (1) his conviction was obtained by a jury which was unconstitutionally selected and impaneled because a juror was an adult corrections officer and his attorney refused to excuse the juror after being instructed to do so by him, (2) the Circuit Court forced him to wear leg irons during trial in the presence of the jury, (3) he was provided ineffective assistance of counsel, and (4) his right to compel witnesses in his favor was violated.

On August 28, 2003, the Circuit Court entered a Decision and Order Denying Petition for Post-Conviction Relief Without a Hearing, which denied the First Petition.

On January 28, 2005, the supreme court dismissed

2

Freitas' appeal from the denial of the First Petition for lack of appellate jurisdiction because his appeal was untimely.

On December 1, 2004, Freitas filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Second Petition), which was docketed as S.P.P. No. 04-1-0096. To the extent we can discern, Freitas claimed (1) the Hawaii Penal Code requires that a presentence report be provided to the court, (2) the judge exceeded his authority in enhancing the sentence, (3) a jury did not determine the facts that enhanced his sentence, (4) his sentence for kidnapping was illegal because he had not possessed the requisite state of mind, (5) the judge did not make sufficient findings to support his enhanced sentencing as there was insufficient evidence in the record, (6) he did not know what facts and information the judge would consider in sentencing, (7) a fact pertaining to an enhanced sentence is an element of the offense, (8) sentencing must conform to the Sixth Amendment, (9) his rights were violated because the judge did not inform him of the risks of trial, and (10) the judge received and considered hearsay and erroneous information.

On May 13, 2005, the Circuit Court issued a Decision and Order Dismissing Petition for Post-Conviction Relief Without a Hearing, which denied the Second Petition.

On November 28, 2006, in appeal No. 27342 this court affirmed the denial of Freitas' Second Petition.

On January 30, 2006, a United States Magistrate Judge issued findings and a recommendation to dismiss Freitas' Amended Petition for a Writ of Habeas Corpus with prejudice because it was time-barred.

On February 17, 2006, a United States District Court Judge adopted the Findings and Recommendation of the United States Magistrate Judge.

On September 23, 2008, the United States District Court for the District of Hawaii dismissed Freitas' second petition for a writ of habeas corpus.

3

On February 20, 2009, Freitas filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Third Petition), which was docketed as S.P.P. No. 09-1-0010. Freitas claimed statutory changes to HRS § 706-662 and State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007), applied retroactively to his extended sentence, therefore, his extended sentence was illegal.

On April 13, 2009, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing, which denied the Third Petition.

On May 21, 2010, in appeal No. 29808, this court affirmed the denial of Freitas' Third Petition.

On August 12, 2010, the supreme court denied Freitas' application for writ of certiorari without prejudice because Freitas applied for the writ prior to issuance of a final judgment by this court.

On November 1, 2010, in SCWC-10-0000003, the supreme court rejected Freitas' application for writ of certiorari regarding the denial of his Third Petition.

On May 26, 2015, Freitas filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Fourth Petition), which was docketed as S.P.P. No. 15-1-0012. Freitas claimed (1) HRS § 706-662 violates due process and his Sixth Amendment right to a fair and impartial jury because a jury must hear all evidence regarding extended term sentencing, (2) he was entitled to written notice of any evidence applicable to imposition of an extended sentence in that it must be alleged in the charging instrument, (3) HRS § 706-662 is facially unconstitutional in violation of the Sixth Amendment and is, thus, void from inception, (4) the court did not have jurisdiction to impose an extended sentence pursuant to HRS § 706-662 because it was invalidated by Maugaotega, (5) the court did not have subject matter jurisdiction to impose an extended sentence pursuant to HRS § 706-662 because it was invalidated.

4

[Id.]

On May 27, 2016, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing, which denied the Fourth Petition.

On appeal, Freitas contends (1) HRS § 706-662 violated his Sixth Amendment right to a fair and impartial jury, (2) he was not given an opportunity to conduct voir dire in a fashion that would adequately address extended term sentencing issues in violation of his Sixth Amendment right, (3) an extended term sentencing hearing was a separate criminal proceeding from trial of the underlying offense, (4) the State was required to establish all relevant issues beyond a reasonable doubt, (5) he was entitled to a full panoply of relevant protections under due process, (6) the rules of evidence applied to extended term sentencing, thus, the court erred by admitting the presentence report into evidence, (7) the record failed to show that he was represented by counsel during prior offenses for which he was convicted or that he intentionally and voluntarily waived his right to counsel, (8) he was entitled to written notice of any evidence applicable to the imposition of an extended term, thus, it must be alleged in the charging document, (9) HRS § 706-662 was invalidated by Maugaotega in 2007, and (10) the court did not have subject matter jurisdiction to impose an extended sentence pursuant to HRS § 706-662 because it was invalidated.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Freitas' points of error as follows:

Freitas did not prove the existence of extraordinary circumstances to justify his failure to raise points of error on appeal (1) and (2) in his prior petitions. Therefore, relief is unavailable. HRPP Rule 40(a)(3).

Points of error on appeal (3), (4), (5), (6) and (7) were not raised in the Fourth Petition. Thus, Freitas cannot

5

point to where in the record the alleged error was objected to or brought to the attention of the court below. Therefore, these points of error on appeal are waived. HRAP Rule 28(b)(4). In addition, Freitas did not prove the existence of extraordinary circumstances to justify his failure to raise the issues in his prior petitions. Therefore, relief is unavailable. HRPP Rule 40(a)(3).

Points of error on appeal (8), (9) and (10) were previously raised and ruled upon in Freitas' prior petitions. Therefore, relief is not available. HRPP Rule 40(a)(3).

As this court has previously held when affirming the denial of Freitas' Third Petition, Maugaotega does not apply retroactively to his conviction. Thus, at the time of his sentencing, HRS § 706-662 was valid. Therefore, the Circuit Court did not lack jurisdiction to impose an extended term sentence, pursuant to HRS § 706-662, at the time it imposed an extended sentence in Freitas' case.

Therefore, IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing, filed on May 27, 2016 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 28, 2017.

On the briefs:

Melvin De Freitas Jr.
Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6